UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KIMBERLY BUNGER-STANLEY,      :
                          :
        Plaintiff,      :    NO. 1:10-CV-00507
                          :
   v.                 :
                          :    **OPINION AND ORDER**
COMMISSIONER OF SOCIAL     :
SECURITY,                  :
                          :
        Defendant.      :

This matter is before the Court on the Magistrate Judge's May 23, 2011 Report and Recommendation (doc. 9), and Plaintiff's Objections (doc. 10). For the reasons indicated herein, the Court REVERSES the Magistrate Judge's Report and Recommendation, and REMANDS this matter for further proceedings consistent with this decision.

**I.  Background**

Plaintiff, who has suffered a combination of physical and mental impairments, including a herniated lumbar disc, anxiety and depression, applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in May 2005, alleging a disability onset date of June 1, 2004 (doc. 9). Her applications were denied initially and upon reconsideration (Id.). After Defendant denied her applications, she requested a hearing before an administrative law judge ("ALJ"), who rejected her applications in October, 2008 (Id.). Plaintiff requested review with the

Social Security Appeals Council, which denied further review (<u>Id</u>.). Plaintiff then appealed to this Court in July 2010 (<u>Id</u>.).

Plaintiff contends the ALJ erred by 1) failing to explain in narrative form how he arrived at Plaintiff's residual functional capacity ("RFC"), which doctors he gave the most weight to, and why he assigned the doctors the weight he did; 2) failing to give the most weight to the opinion of the treating physician, Dr. Slattery, and in fact giving her opinion no weight; 3) failing to give "good reasons" for discounting Dr. Slattery's finding of disability; 4) rendering a credibility finding not supported by the record; and 5) posing hypothetical questions to the vocational expert ("VE") which ommitted limitations supported by the testimony of Dr. Slattery and Plaintiff, and the limitation of "occasional" contact with the public, and by including among the unskilled jobs Plaintiff could perform, jobs which are in fact skilled (<u>Id</u>.).

In her Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the ALJ's decision that Plaintiff can perform a range of sedentary work was supported by substantial evidence (<u>Id</u>.). Accordingly, the Magistrate Judge recommended that such decision be affirmed (<u>Id</u>.). Plaintiff filed her objections (doc. 10), such that this matter is now ripe for the Court's consideration.

2

## II.  Discussion

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."  Id.  The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings.  42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).  The claimant has the burden of proving by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  To show that claimant is so entitled, she must be under 65 years old, have

3

filed an application for benefits, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d)

**A.    The Magistrate Judge's Report and Recommendation (doc. 9)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony, the vocational expert's ("VE") answers, and the decision of the ALJ (doc. 9). The Magistrate Judge then reviewed Plaintiff's assignments of error (Id.). The Magistrate Judge found the first three assignments of error were essentially the same, as all related to the weight accorded to the opinion of Plaintiff's treating physician, Dr. Slattery that Plaintiff is disabled (Id.). The Magistrate Judge found the ALJ gave good reasons for failing to give controlling weight to Dr. Slattery's opinion, he adequately explained the weight he gave to other medical sources, and he reasonably determined the weight to afford the opinions of those sources (Id.). The Magistrate Judge noted that though Dr. Slattery had been Plaintiff's primary care physician from November 20, 1998 to the time of the ALJ's decision, the ALJ found the assessments of Dr. Hughes, who treated Plaintiff from October 29, 2004 to May 24, 2005, entitled to great weight, as Dr. Hughes is a specialist in neurology (Id.). The Magistrate Judge noted that the ALJ found that Dr. Slattery did not elaborate on her finding of positive straight leg raising in July 2004, nor

4

did an MRI at such time show nerve impingment (Id.). The Magistrate Judge further noted that although Plaintiff continued to regularly see Dr. Slattery, Dr. Slattery did not document any type of back examination during the three years between March 4, 2005 and February 1, 2008 (Id.). Moreover, although Dr. Slattery diagnosed Plaintiff with fibromyalgia on June 12, 2006, the ALJ noted no documentation of any tender or trigger point examinations (Id.). As such, the Magistrate Judge found the ALJ was reasonable in finding Dr. Slattery's conclusion of total disability not well-supported by the clinical and objective findings (Id.).

As for Plaintiff's fourth assignment of error that the ALJ's credibility determination is not supported by the record, the Magistrate Judge noted that such determination is entitled to deference and should not be discarded lightly (Id.). The Magistrate Judge noted the ALJ credited Plaintiff's allegations of severe lower back pain, but found her partially but not fully credible (Id.). Specifically, the ALJ found Plaintiff's allegations inconsistent with the "generally mild to moderate laboratory and clinical signs," that Plaintiff "has an unimpressive work record and no inference can be made that she would work if she could," and that although Plaintiff alleged severe side effects from medication, none were documented in the record (Id.). In fact, noted the Magistrate Judge, Dr. Slattery noted on December 12, 2005 that Plaintiff denied any side effects (Id.).

5

Plaintiff's fifth assignment of error is premised on the theory that the ALJ omitted certain limitations from the hypothetical he posed to the VE (<u>Id</u>.). The Magistrate Judge, however, found that the hypothetical posed to the VE accurately conveyed Plaintiff's mental limiations (<u>Id</u>.). The Magistrate Judge found that Plaintiff has failed to point to evidence showing her limitations are more severe than those found by the ALJ (<u>Id</u>.). The Magistrate Judge rejected Plaintiff's proffer of "O*NET" job listings from the Department of Labor, finding that her failure to proffer such information at the administrative level precludes the Court from considering it for the first time as a part of its review (<u>Id</u>.). The Magistrate Judge further found such information is not new, so that there is no basis for a remand based on such information (<u>Id</u>.).

## B.  Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's Report and Recommendation, contending that the weight accorded to the opinions of Dr. Hughes and Dr. Slattery is in error (doc. 10). Specifically, Plaintiff signals that Dr. Hughes last saw her in May 2005, and thus ceased to be a treating physician after such time (<u>Id</u>.). Moreover, Plaintiff contends Dr. Hughes never expressed an opinion about Plaintiff's ability to work (<u>Id</u>.). Plaintiff argues that Dr. Slattery saw Plaintiff seven months after Dr. Hughes last saw her, and stated that Plaintiff had restricted motion of the low

back, positive straight leg raising at twenty degrees, and other findings (Id.). In addition, on later exams in 2008, Dr. Slattery found decreased sensation over the left leg (Id.). Such findings, contends Plaintiff are worse than Dr. Hughes found, and support Dr. Slattery's limitations (Id.). Plaintiff contends the ALJ failed to note these latter findings, which is erroneous as a matter of law (Id.). Plaintiff argues the ALJ was silent and offered no evaluation regarding her positive straight leg raising at twenty degrees (Id.). Plaintiff further argues the ALJ offered no basis to doubt Dr. Slattery's February and June 2008 findings regarding decreased sensation in her left leg (Id.). For all of these reasons, Plaintiff contends the ALJ erred to give more weight to the findings of Dr. Hughes and to use them to craft a sedentary work RFC (Id.).

Plaintiff further argues that the ALJ failed to give the requisite "good reasons," in discounting a finding of disability by treating physician Slattery (Id.). Plaintiff notes the ALJ remembered Dr. Hughes as a former medical advisor at hearings, but such fact does not consitute a "good reason" (Id. citing Friend v. Commissioner, 375 Fed. Appx. 543, 551-552 (6th Cir. 2010)). Plaintiff reiterates her view that the ALJ did not comment on some of Dr. Slattery's findings, particularly the positive straight leg raising at twenty degrees, so it is impossible to know how much weight he gave to such findings (Id.). In Plaintiff's view, the

7

ALJ's discussion of why he chose to give Dr. Slattery's opinion no weight is simply not supported by the record (Id.).

      With regards to her credibility, Plaintiff contends that findings in the record including restricted motion of the low back, positive straight leg raising at twenty degrees, tenderness, and decreased sensation in the left leg on exams, are all reliable indicators of significant pain (Id. citing Jones v. Secretary, 945 F.2d 1365, 1370 (6th Cir. 1992)). Plaintiff further contends her work record was good until 1999 when she injured her back (Id.). As such, she contends the ALJ erred in discounting her earnings prior to her re-injury of her back in 2004 (Id.). Finally, Plaintiff contends the only other ground for discounting her subjective complaints pertains to side-effects, and such ground is small in relation to the other evidence supporting her testimony (Id.).

      As a final matter, Plaintiff argues there were vocational errors in arriving at the finding of nondisability (Id.). Specifically, Plaintiff contends the ALJ erred in leaving out the walking around on jobs noted by Dr. Slattery and the number of days Plaintiff would miss in trying to work 40 hours a week on a job (Id.). Second, Plaintiff contends the ALJ should consult the updated job publication O*NET instead of the outdated Dictionary of Occupational Titles (Id.).

      For all of the above reasons, Plaintiff requests the

Court reject the Magistrate Judge's Report and Recommendation, reverse the denial decision, and grant benefits (Id.).  In the alternative, Plaintiff requests a sentence four remand for further proceedings (Id.).

## C.  Analysis

Having reviewed and considered this matter de novo, the Court finds Plaintiff's position correct that the ALJ failed to offer an adequate justification for rejecting the opinion of Dr. Slattery, the treating physician.  It is clear to the Court that the ALJ relied on findings of Dr. Hughes, who did not have a long-term treating relationship with Plaintiff, and who never rendered an opinion regarding Plaintiff's ability to work.  Moreover, Plaintiff has proffered consistent evidence from Dr. Slattery, post-dating that of Dr. Hughes, which supports a finding of disability.  For these reasons a remand is approriate for further proceedings.  On remand, the ALJ should use the updated O*NET jobs listings.  Cunningham, 360 Fed. Appx. 606, 615-616 (6th Cir. 2010).

## III.  Conclusion

The Court REJECTS the Magistrate Judge's Report and Recommendation (doc. 9), and REMANDS this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), consistent with this decision and the Plaintiff's Objections.

SO ORDERED.

Date: September 27, 2011 /s/ S. Arthur Spiegel
                        S. Arthur Spiegel
                        United States Senior District Judge

9