```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

KIMBERLY ANN STANLEY,       :
                            :
        Plaintiff,          :   NO. 1:10-CV-00507
                            :
    v.                      :
                            :   **OPINION AND ORDER**
COMMISSIONER OF SOCIAL,     :
SECURITY,                   :
                            :
        Defendant.          :

This matter is before the Court on Plaintiff's Attorney's Motion for Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412 (a) and (d) (doc. 13), Defendant's Response in Opposition (doc. 14), and Plaintiff's Attorney's Reply (doc. 16). For the reasons indicated herein, the Court GRANTS Plaintiff's motion.

**I. Background**

On September 28, 2011, the Court rejected the Magistrate Judge's Report and Recommendation and remanded this matter for further proceedings pursuant to Sentence Four of 42 U.S.C. Section 405(g) (doc. 11). The Court found the ALJ failed to offer an adequate justification for rejecting the opinion of the treating physician, Dr. Slattery (Id.). Instead, the ALJ relied on findings of Dr. Hughes, who did not have a long-term treating relationship with Plaintiff, and who never rendered an opinion regarding Plaintiff's ability to work (Id.). Because there was consistent

evidence from the treating physician supporting a finding of disability, the Court found it appropriate to remand pursuant to Sentence Four for further proceedings (Id.). Plaintiff now brings the present motion, as a prevailing party, seeking attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 13).  The burden on the government as to Plaintiff's motion is to establish that its position in these proceedings was "substantially justified."

**II. Analysis**

> The EAJA states in relevant part:
>
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses. . .incurred by that party in any civil action. . .including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Supreme Court's decision, Secretary v. Schaefer, 509 U.S. 292 (1993), makes it clear that a claimant who obtains a sentence-four judgment reversing a denial of benefits for further consideration qualifies as a "prevailing party" and thus may petition for EAJA fees.  509 U.S. at 307 ("the Court's holding today [is] that a claimant who secures nothing more than an order instructing the Secretary to try again is a prevailing party")(J. Stevens)(concurring).

Plaintiff seeks attorney fees and costs on the basis that

she became a prevailing party and because the position of the Commissioner in this litigation was not substantially justified (doc. 15, citing Secretary v. Schaefer, 509 U.S. 292 (1993)). Plaintiff's counsel attached an itemized report of the time spent and costs expended on this matter (Id.). Counsel also attached a copy of the fee contract which indicates that any award of EAJA fees serves as a credit to any attorney fee Plaintiff may owe (Id.).

Defendant opposes Plaintiff's motion on two grounds (doc. 14). First Defendant contends EAJA fees should not be awarded to Plaintiff because the Commissioner's position was substantially justified (Id.). Second, Defendant contends the amount Plaintiff's attorney requests is excessive (Id.).

Plaintiff responds that the ALJ did not act reasonably in rejecting her treating physician's opinion in favor of Dr. Hughes, who only saw her on a limited basis, for three visits, and never opined on her ability to work (doc. 16). Nor should her daily activities hurt her claim, Plaintiff contends, as they do not equate performing sedentary work for 40 hours a week under Social Security Ruling 96-8p (1996) (Id.). Finally, Plaintiff contends the fact the Magistrate Judge agreed with the ALJ's decision does not render it substantially justified as a matter of law (Id. citing Howard v. Commissioner, 376 F.3d 551, 554 (6th Cir. 2004)). As for Defendant's argument that Plaintiff's counsel's fee is

excessive, Plaintiff's attorney contends Congress' provision for cost-of-living increases take the base rate of $125.00 per hour in March 1996 to the $170.00 per hour rate requested here (Id.). The Court has already granted the requested hourly rate to Counsel in the past, and counsel proffers an affidavit and studies showing his rate is reasonable for someone with his background and experience (Id.).

Having reviewed this matter, the Court finds appropriate an award of EAJA fees. The government has not met the requisite burden of proof to show its position in this matter was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The ALJ unreasonably rejected the opinion of the treating physician in favor of findings by Dr. Hughes, who did not have a long-term treating relationship with Plaintiff, and who never rendered an opinion regarding Plaintiff's ability to work. Such position was not substantially justified.

Since the Court finds the award of attorney's fees appropriate in this case, the Court must now determine the amount due. An acceptable procedure in calculating such fees is the lodestar method, under which the Court is to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckhart, 461 U.S. 424, 433 (1983). Plaintiff's Counsel's Motion includes an itemized report showing counsel spent 22.5 hours representing Plaintiff. The Court

4

has reviewed this report and finds the number of hours expended reasonable.  Plaintiff requests that the hourly rate applied in this matter equate to the rate set by Congress, $125.00 per hour, adjusted by cost of living increases, for a total rate of $170.00 per hour (doc. 13).  The Court finds such hourly rate reasonable.  The Court further finds Plaintiff's request for an award of costs, $367.00 for the court filing fee, reasonable and appropriate.

**III. Conclusion**

Having reviewed this matter, the Court finds reasonable Plaintiff's Counsel's Motion for Fees and Costs totaling $4,192.00.  Plaintiff's Counsel's Motion is detailed and offers persuasive facts and precedent as to the legitimacy of the fees sought.  As such, Plaintiff's Counsel's Motion is well-taken.

Accordingly, the Court GRANTS Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. §2412(d),(doc. 13), and AWARDS Plaintiff $4,192.00 for fees and costs, to be credited against any contingency fee Plaintiff may owe her Counsel.

SO ORDERED.


Date: January 11, 2012    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge